SANTIAGO ET AL., PLAINTIFFS AND APPELLANTS, *v.* SOMONTE ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 2, in an action for the annulment of a will and other matters.

No. 1065.—Decided April 24, 1914.

APPEAL—DISMISSAL OF APPEAL—ASSIGNMENT OF ERROR—FUNDAMENTAL ERROR.—When, as in the present case, the appellant fails to comply with the provisions of sections 42 and 43 of the Rules of this court by specifying separately the errors on which the appeal is based and no fundamental error appears from the record, the appeal should be dismissed.

NULLITY OF WILL—REASONS NOT ALLEGED IN COMPLAINT—EVIDENCE.—The mental and physical incapacity of the testatrix not having been alleged by the plaintiffs as reasons for the annulment of the will, the trial court committed no error in rejecting evidence tending to prove the said reasons or in failing to consider them as a ground of nullity.

EVIDENCE—WEIGHING EVIDENCE BY TRIAL COURT—ERROR.—The weighing of the evidence by the trial court cannot serve as a ground for the reversal of the judgment appealed from or for holding that a fundamental error existed, unless it is shown that the court was influenced by partiality, passion, or prejudice, or that there was a palpable omission in considering the weight of the evidence.

ID.—NULLITY OF WILL—PRESUMPTION—NOTARIAL DOCUMENTS.—There is a strong presumption in favor of the validity of notarial documents and when a will executed before a notary who has since died is attacked, strong evidence of its nullity must be submitted.

The facts are stated in the opinion.
*Mr. Hugh R. Francis* for the appellants.
*Messrs. Alvarez Nava & Dominguez* for the respondents.
MR. JUSTICE WOLF delivered the opinion of the court.
Rules 42 and 43 of this court provide that the appellant

should include in his brief an assignment of the errors complained of, and that such errors should be set out separately; otherwise they will be disregarded, unless fundamental. In the case before us there is no assignment of errors whatever, properly so called, although the appellant has filed two briefs. Under this condition of affairs the appeal should be dismissed unless there is some fundamental error.

The appellants in their first brief discuss the failure of the court to admit certain testimony as to the mental and physical capacity of the testatrix, Carmen Santiago y Jiménez, to make a will. A part of the second brief also relates to the same alleged condition of the testatrix. But the incapacity of the testatrix to make a will is not one of the grounds for which the nullity of the will is sought and hence there was no error in rejecting the evidence or in failing to consider this ground of nullity.

While the appellants in their second brief enumerate seven or eight grounds of nullity the error over which the discussion arises relates solely to the conflict in the proof. In the weighing of the proof by the court there could be, according to the steady jurisprudence of this court, no ground for reversal or fundamental error unless the court was actuated by partiality, passion, or prejudice, or unless there was a palpable failure to weigh the evidence. The court in its opinion finds that the will of the testatrix, Carmen Santiago, made on December 17, 1902, was signed by Dr. Manuel Jiménez Cruz in the name of the testatrix, who could not write because of her weakness; and that said will was witnessed by Miguel Morales, Tomás Novoa, and Manuel G. García and by the notary, José A. Cajas; that the theory of the complaint was that in the creation of the will all the formalities of the law had not been complied with inasmuch as the details of such will were furnished to the notary, not by the testatrix herself, but by her husband, Odón Somonte, and other similar grounds of nullity, including a charge of fraud

against the husband. The court finds that in a town like Caguas the making of a will under the conditions described in the complaint and by some of the witnesses would have been sure to produce a profound sensation; yet that in spite of the knowledge of the interested parties and the other witnesses the criminal or quasi-criminal acts of Odón Somonte, the husband, are allowed to go unchallenged for years and until such time when both he and the notary who drew the will have died; that some of these interested parties were present at the time of the execution of the will and one of them was a·witness to the instrument; that in spite of this long-continued silence these same witnesses are able after ten years to remember minute facts that occurred at the execution of the will.

In view of these matters and of the fact that the other disinterested witnesses to the will testify that the will was made in due form, the court felt bound to decide against the complainant. There is no sign of undue element in these findings, especially when an inspection of the record reveals a substantial conflict in the proof. Dr. Jiménez Cruz, Tomás Novoa and others testify to the due execution of the will. Furthermore, there is a strong presumption in favor of the act done under the faith of the notary, and in this case the notary was dead. As we find no fundamental error the appeal must be dismissed for lack of an assignment of errors.

*Dismissed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.